UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD OWENS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CAUSE NO. 1:00cr34<br>(1:04cv103) |

OPINION AND ORDER

This matter is before the court on a motion to reconsider filed by the petitioner, Richard Owens ("Owens"), on May 12, 2005. The government has indicated that it does not wish to respond to the motion.

For the following reasons, the motion to reconsider will be denied.

Discussion

On April 22, 2004, this court entered an order denying Owens' § 2255 petition. In his petition, Owens claimed ineffective assistance of counsel, violation of the Fourth, Fifth and Sixth Amendments, improper grand jury selection, invalid criminal statute, false testimony by the government, and disparity of sentence compared to co-defendants.

In a sixteen-page order, this court discussed each of Owens' claims and found them all to be without merit. Owens now seeks reconsideration of the court's order, again claiming that he was denied effective assistance of counsel, that the government used false testimony and that his right to a speedy trial was violated.

With respect to the ineffective assistance of counsel claims, Owens reiterates his complaint that his counsel did not call alibi witnesses. However, as this court noted in its order

of April 22, the Constitution "does not oblige counsel to present each and every witness that is suggested to him." United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). Additionally, even though Owens names several witnesses he believes would have been alibi witnesses for him at trial, he has still failed to provide any sworn affidavits of what the testimony of the witnesses would have been if called. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996).

      Owens next reiterates his claim that his counsel was ineffective for stipulating that the funds of the Three Rivers Federal Credit Union were federally insured. Owens claims that the stipulation provided no evidence to establish that the credit union was federally insured. However, the point of a stipulation is to agree something is true, **without** presenting evidence. Owens has further provided to the court a copy of a letter from the National Credit Union Administration, wherein it is stated that "[t]he National Credit Union Administration does not provide insurance protection to credit unions due to thefts, holdups, vandalism caused by persons outside the credit union." Owens apparently believes that this statement proves that the Three Rivers Credit Union was not federally insured. However, Owens is confused. Although the credit union may not have been insured by the National Credit Union Administration for liability arising out of incidents occurring on the premises, the _funds_ therein are federally insured as required by law.[1] Moreover, as the National Credit Union Administration stated in its letter

---

[1] The National Credit Union Administration's website (http://www.ncua.gov/ShareInsurance/Index.htm) explains "federally insured" as follows:

> The shares in your credit union are insured by the National Credit Union Share Insurance Fund (NCUSIF), an arm of NCUA. Established by Congress in 1970 to insure member share accounts at federally insured credit unions, the NCUSIF is managed by

"Part 713 of our regulations requires all federally insured credit unions to maintain fidelity bond and general insurance coverage for such losses. If a credit union is robbed, the credit union will claim those losses under its general insurance coverage."

Owens next claims that his counsel was ineffective for failing to object to his arrest "without probable cause" and for failing to move to suppress the "show-up" identification as fruits of the unlawful arrest. All of Owens' arguments were fully discussed in this court's earlier order and these issues will not be further discussed. Likewise, Owens' claim that the government used false testimony at trial was fully discussed in the court's previous order and will not be rehashed in this order.

Owens next argues that his Speedy Trial rights were violated. Owens claims that motions filed by his co-defendants should not give rise to excludable time under the Speedy Trial Act. Owens is incorrect. The law is clear that time excludable as to one defendant is excludable as to all defendants. United States v. Mustread, 42 F.3d 1097 (7th Cir. 1994)(absent a severance, any time excludable to one defendant is excludable to his co-defendants); see also 18 U.S.C. § 3161(h)(7).

Lastly, Owens reasserts that his appellate counsel was ineffective for failure to raise meritorious issues on direct appeal. This issue was fully discussed in the court's order of April

---

NCUA under the direction of the three-person NCUA Board. Your share insurance is similar to the deposit insurance protection offered by the Federal Deposit Insurance Corporation (FDIC).

Credit unions insured by the NCUSIF must display in their offices the official NCUA insurance sign. All federal credit unions must be insured by NCUSIF, and no credit union may terminate its federal insurance without first notifying its members.

3

22 and will not be further discussed.

## Conclusion

Based on the foregoing, Owen's motion for reconsideration is hereby DENIED.

Entered: June 6 , 2005.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court