UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD OWENS, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO.  1:00cr34 |
| | )   (1:04cv103) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

OPINION AND ORDER

On April 22, 2004, this court entered an order denying petitioner Richard Owens' ("Owens") motion for relief pursuant to 28 U.S.C. § 2255.  On June 6, 2005, this court denied Owens' motion to reconsider.  On August 10, 2005, Owens filed Notice of Appeal and Application for Certificate of Appealability.

Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, no appeal may be taken from the final order in a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The test is whether the questions the petitioner presents are "debatable among jurists of reason," that a court could resolve the matter differently, or that the questions are deserving of further encouragement.  Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983); Spaulding v. Briley, 2001 WL 1155083 (N.D. Ill. Sept. 27, 2001).

In his § 2255 motion,  Owens claimed ineffective assistance of counsel, violation of the

Fourth, Fifth and Sixth Amendments, improper grand jury selection, invalid criminal statute, false testimony by the government, and disparity of sentence compared to co-defendants.  In his motion for reconsideration, Owens again claimed that he was denied effective assistance of counsel, that the government used false testimony and that his right to a speedy trial was violated.

In his present motion for Certificate of Appealability, Owens (apparently for the very first time) claims that the indictment in this case was improperly constructively amended and varied from the elements proven at trial.

Owens has failed to present any issues in this case that are "debatable among jurists of reason" or are worthy of further encouragement.  The majority of Owens' claims center on his allegation that he was deprived of effective assistance of counsel.  However, the record is clear that Owens' counsel followed acceptable strategy throughout this case.  While Owens, after being found guilty and sentenced to prison, continues to think of ways in which his trial could possibly have been better, Owens has failed to make any showing that his counsel performed deficiently or that he was deprived of a fair trial.  Likewise, Owens has failed to show that his appellate counsel was ineffective.  Rather, Owens has merely shown that he disagrees with some of the issues his appellate counsel chose to present on appeal.  As discussed in the order denying Owens' § 2255 petition, it is sound strategy for appellate counsel to present only the strongest arguments on appeal, and to not litter the appellate process with a huge array of hopeless claims.

As Owens has failed to make any showing that rulings on the issues presented by his Section 2255 petition were wrong or debatable, the application for certificate of appealability will be denied.

## Conclusion

On the basis of the foregoing, Owens' application for a certificate of appealability is hereby DENIED.

Entered: August 16, 2005.

                                                s/ William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court